**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 25-cv-04032-NYW-NRN

CHRISTOPHER GATES,

 Plaintiff,

v.

UNITED AIRLINES, INC.,

 Defendant.

---

### ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER

---

This matter is before the Court on the Order Granting Defendant United Airlines, Inc.'s Motion to Stay Discovery Pending Resolution of Motion to Dismiss Plaintiff's Complaint (the "Motion") by the Honorable Magistrate Judge N. Reid Neureiter. [Doc. 27]. Plaintiff Christopher Gates ("Plaintiff" or "Mr. Gates") initiated this action against his former employer United Airlines, Inc. ("Defendant" or "United") on December 16, 2025, alleging failure to accommodate religious beliefs, religious discrimination, and retaliation. [Doc. 1]. On February 2, 2026, United moved to dismiss Plaintiff's Complaint in its entirety. [Doc. 14]. United then moved to stay discovery pending resolution of its Motion to Dismiss. [Doc. 20]. After full briefing, [Doc. 23; Doc. 26], Judge Neureiter held a hearing on the Motion and granted it, [Doc. 27].

Mr. Gates has objected to Judge Neureiter's Order, [Doc. 30], and United responded to his Objections, [Doc. 31]. For the reasons set forth in this Order, Mr. Gates's Objections are respectfully **OVERRULED**.

**LEGAL STANDARDS**

When a party objects to a magistrate judge's nondispositive order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This means that a magistrate judge's findings should not be rejected merely because the district court would have decided the matter differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless "on the entire evidence" the district court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted). "The contrary to law standard permits plenary review as to matters of law, but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly." *Franklin D. Azar & Assocs. v. Executive Risk Indem., Inc.*, No. 22-cv-01381-RMR-NRN, 2023 WL 6962084 at *2 (D. Colo. Oct. 20, 2023) (quotation omitted).

Although the Tenth Circuit has not addressed whether a party's objection to a magistrate judge's nondispositive order must be "specific," district courts within the Tenth Circuit routinely interpret Rule 72(a) to require objections to be "specific." *See, e.g.*, *Hawkins v. Ghiz*, No. 2:18-cv-00466-DBB-JCB, 2021 WL 308238, at *1 (D. Utah Jan. 29, 2021); *Gilmore v. L.D. Drilling, Inc.*, No. 16-cv-02416-JAR-TJJ, 2017 WL 5904034, at *1 (D. Kan. Nov. 30, 2017); *Martin v. Henderson*, No. 09-cv-02574-MSK-CBS, 2011 WL 864293, at *2 (D. Colo. Mar. 10, 2011). And Rule 72(a) expressly advises litigants that "[a] party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

**ANALYSIS**

Mr. Gates objects to Judge Neureiter's Order on the grounds that (1) it "was contrary to this District's general disfavor of discovery stays, even when a dispositive motion is pending," [Doc. 30 at 4 (emphasis omitted)]; (2) Judge Neureiter "erred by reviewing the merits of United's motion to dismiss," [*id.* at 5 (emphasis omitted)], and (3) Judge Neureiter "incorrectly applied the *String Cheese* factors by accepting United's improper arguments derived from the Parties' Proposed Scheduling Order," [*id.* at 6 (emphasis omitted)].

In this case, the Court is not left with the definite and firm conviction that a mistake has been committed, or that Judge Neureiter improperly exercised his discretion. First, while this District generally disfavors the stay of discovery pending the adjudication of a dispositive motion, there is no prohibition to it. Instead, whether to stay a matter is left to the sound discretion of the trial court. *Weldon v. Ramstad-Hvass*, 512 Fed. App'x 783, 797 (10th Cir. 2013); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (recognizing that the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931))).

Second, to the extent that Mr. Gates contends that it was contrary to law for Judge Neureiter to take a look at the merits of United's Motion to Dismiss, he is respectfully incorrect. As another judicial officer in this District has noted, there is no controlling law that precludes a "preliminary peek" at the merits of a motion to dismiss in the context of considering whether to stay discovery pending the adjudication of a motion to dismiss.

3

*See Bacote v. Fed. Bureau of Prisons*, No. 17-cv-03111-RM-NRN, 2019 WL 5964957, at *2 (D. Colo. Nov. 13, 2019). Judge Neureiter did not base his Order on the merits of the Motion to Dismiss; indeed, all he noted was that he "looked at it briefly," he "do[es not] think it's a frivolous motion to dismiss," and it could be decided in either Party's favor. [Doc. 28 at 7:24–8:12]. Further, Mr. Gates himself discussed the merits of the Motion to Dismiss in his opposition to the Motion to Stay. *See* [Doc. 23 at 11 (arguing that "Gates has pleaded a cognizable religious accommodation claim" and citing relevant case law)].

Finally, the Court reviewed the transcript from the hearing on the Motion to determine whether Judge Neureiter abused his discretion in ordering a stay. Plaintiff cites no authority—and this Court is aware of none—that prohibits a judicial officer from considering the entire docket when determining whether a stay of discovery is appropriate. *See* [Doc. 30]. Nor is this Court persuaded that United "sandbagged" Mr. Gates. [*Id.* at 1–2]. Judge Neureiter carefully and methodically considered the *String Cheese* factors in his analysis. [Doc. 28 at 16:1–21:7]. He recognized that judges do not automatically stay cases simply because there is a dispositive motion pending, [*id.* at 16:1–4], but found that in this case, the *String Cheese* factors weigh in favor of granting a stay. Specifically, Judge Neureiter found that (1) there will be an "extreme cost associated with discovery" in this case—as per the depositions and other discovery proposed by Mr. Gates—which puts a "significant" burden on United, (2) the prejudice to Mr. Gates in granting the stay is not great, (3) the Court would be inconvenienced if the stay is not granted, and (4) the public would be served by this Court first deciding "a threshold question" before the case continues. [*Id.* at 16:1–21:7]. The fact that Mr. Gates disagrees with how Judge Neureiter exercised his discretion does not establish that the

4

Order is clearly erroneous or contrary to law, or leave this Court "with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp.*, 847 F.2d at 1464 (quotation omitted).

Thus, Mr. Gates's Objections are **OVERRULED**.

### CONCLUSION

For the reasons explained above, **IT IS ORDERED** that:

(1)    Plaintiff's Objections to Magistrate Judge's Order Granting Defendant's Motion to Stay Discovery [Doc. 30] are **OVERRULED**; and

(2)    The Order of United States Magistrate Judge granting Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss Plaintiff's Complaint [Doc. 27] is **AFFIRMED**.

DATED:  May 18, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

5